# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RICHARD E. TOKARCIK, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-253J |
| | ) | Judge Kim R. Gibson/ |
| DANIAL P. BURNS; ATTORNEY | ) | Chief Magistrate Judge Maureen P. Kelly |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Richard E. Tokarcik, Jr., ("Petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his convictions. The convictions arose out of theft of movable property from a resort located in Clearfield County.

The case was referred to Chief Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Chief Magistrate Judge Kelly's Report and Recommendation, ECF No. 11, filed on April 14, 2015, recommended that the Petition be denied. Petitioner was informed that he could file Objections to the Report. Petitioner filed Objections on May 1, 2015, ECF No. 13. Petitioner also prematurely filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. ECF No. 12.

Nothing in Petitioner's Objections merits rejection of the Report.

**Ground One**

Petitioner's first objection is summarily addressed. Petitioner argues that the "confusion of the Chief Magistrate Judge is confirmed in the 'Report' section of the Report and Recommendation [when the Report states that Petitioner was convicted of two counts of

burglary]. However, nowhere in the procedural history section does it even remotely suggest the Defendant was convicted of Burglary." ECF No. 13 at 1. Both in his Petition and in the PCRA Petition that Petitioner filed on October 12, 2012, Petitioner himself concedes that he was convicted of burglary. ECF No. 1, ¶ 5. See also State Court Record PCRA Petition under the section entitled "I WAS CONVICTED OF THE FOLLOWING CRIMES" Petitioner wrote "Burglary Burglary Theft by Unlawful Taking." Moreover, suffice it to say that if Petitioner were not convicted of Burglary by the trial court, his entire argument that he did not plead guilty to burglary but nonetheless was convicted of and sentenced for burglary would not need to be addressed and his first ground for relief would be summarily dismissed as meritless.

Nevertheless, as Petitioner conceded in both the Petition and in the PCRA petition and, as the Report correctly noted, Petitioner was convicted by the Trial Court and sentenced for, *inter alia*, the crime of burglary. ECF No. 4-2 at 89 ("AND NOW, this 9th day of November, 2010, Defendant having entered Guilty Pleas to the Offenses of Burglary, two (2) counts, Felonies of the First Degree, and theft by Unlawful Taking, a Misdemeanor of the First Degree, . . . it is the SENTENCE of this Court that on each count of the Offense of Burglary . . . that he be incarcerated . . . for a term the minimum of which shall be four (4) months and the maximum of which shall be three (3) years, with each count to be served concurrent to each other . . . ."). The Report further correctly noted that Petitioner did not plead guilty to Burglary in either the oral plea colloquy as revealed by the transcript date August 26, 2010, or in the written plea, entitled "NEGOTIATED PLEA AGREEMENT AND GUILTY PLEA COLLOQUY" (hereinafter, "the Written Plea") dated August 26, 2010. ECF No. 4-2 at 67 - 74.

As the Report observed, Petitioner was accompanied by private counsel when the sentence for burglary on two counts and theft by unlawful taking on one count was imposed in

2

open court and neither privately retained counsel nor Petitioner voiced any objection to the sentence for burglary at that time. It is entirely possible that no objection was voiced since the sentence imposed was the very sentence that Petitioner had previously bargained to receive in the rejected plea agreement of August 26, 2010, i.e., a minimum period of four months incarceration with a maximum to be determined by the Court. ECF No. 4-2 at 68; id. at 4-2, p. 2 of transcript, lines 14 – 16. We note that although neither the Written Plea nor the Transcript of the Plea Colloquy indicates a specific maximum sentence of incarceration, it appears that the understanding of Petitioner and apparently the prosecution was that Petitioner's maximum sentence would be 36 months, i.e., the exact maximum sentence that he ultimately received. See ECF No. 4-2 at 12 (Petitioner "negotiated and executed a Guilty Plea and Guilty Plea Colloquy inwhich [sic] he agreed to plead guilty to (2), (3), (4) & (5) (aforementioned) in exchange for a minimum sentence of incarceration of 4 months to 36 months.").

Moreover, the Report correctly noted that Petitioner never raised in the state courts the claim that although he had not pleaded guilty to burglary he was sentenced for burglary. In order to exhaust, and consequently, in order to avoid procedurally defaulting a federal claim for failure to present an issue to the State Courts, a State prisoner must have first "fairly presented" in the State Courts all of his federal constitutional claims that he raises in his federal habeas petition.[1] For claims to be "fairly presented" in state court, claims raised in state court must be "substantially equivalent to those raised in federal court." Doctor v. Walters, 96 F.3d 675, 678

---

[1] See Nelson v. Washington, 51 F.3d 276 (Table), 1995 WL 156624, at *3 (7th Cir. 1995)("the fair presentment of federal issues discussed under exhaustion is also a useful approach for determining if procedural default has occurred."); United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 n.4 (7th Cir. 1984)("Although a number of the cases cited in this opinion, including Picard v. Connor[, 404 U.S. 270 (1971)] and Anderson v. Harless[, 459 U.S. 4 (1982)], are exhaustion cases, the analysis dealing with whether a state court has been fairly apprised of potential constitutional ramifications of a claimed trial court error is equally applicable to waiver [i.e., procedural default] cases.").

3

(3d Cir. 1996). Furthermore, not only must the legal theory presented to the state courts and the federal habeas courts be the same but the facts presented to the state courts underlying those legal theories must be the same facts presented to the federal habeas court. See, e.g., Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986)("Both the legal theory and the facts on which a federal claim rests must have been presented to the state courts.").

Despite the fact that the Report found Petitioner never raised Ground One in the State Courts, Petitioner objects and states that "Petitioner asserts that in fact this issue was raised in state court" and asserts that this issue was raised under the Issue III as raised in the brief to the Superior Court on appeal. ECF No. 13 at 1, ¶3. Issue III in the brief filed pro se in the Superior Court on appeal from the denial of PCRA relief was "Whether the colloquy itself is defective and entered into by [Appellant] unknowingly, unintelligently, [and/or] involuntarily[?]" Fortunately for the Court, Petitioner's pro se brief on appeal is contained in the record before this Court. ECF No. 4-2 at 4 - 22. One searches in vain through the pro se appellate brief for a factual claim by Petitioner asserting that although he did not plead guilty to burglary, he was nonetheless convicted of and sentenced for burglary.

Instantly, we find that Ground One of the habeas petition has not been fairly presented to the state courts because Ground One is not substantially equivalent to the grounds raised in the Petitioner's post sentence motions or in his PCRA petition and PCRA appeal. Review of the Petitioner's pro se brief and his post sentence motions and the record before this Court definitively establishes that Petitioner never raised Ground One in the state courts or, at the very least, he never raised the factual claim that although he did not plead guilty to burglary, he was convicted of burglary and sentenced for burglary.

4

Accordingly, we overrule Petitioner's objection that he did not procedurally default Ground One.[2]

Petitioner did implicitly argue before the Chief Magistrate Judge that he had cause and prejudice for his procedural default of Ground One (an argument that tacitly admits, contrary to his argument in the Objections, that he never raised Ground One in the state courts), namely, his "mental condition." Petitioner asserted that "the Defendant, since being imprisoned had been diagnosed and treated for a mental condition, that befor[e] treatment prevented him from persuing [sic] any legal remidies [sic] that may have existed prior to this petition. (Medical records of prisoners are unauthorized for release to prisoners)[.]" ECF No. 1 at 6.

It is not entirely clear what Petitioner means by "being imprisoned." It could mean being placed in the County jail upon having his bond revoked by the trial court, which revocation took place on October 18, 2010 or it could mean when he was placed in the Department of Corrections, the exact date of which is not known to the Court but we do know that as of March 24, 2011, Petitioner was at SCI-Forest given that the State Court record contains an envelope in which Petitioner mailed his "Supplemental Post Sentence Motion" and which has the return address of SCI-Forest.

We further note that irrespective of what Petitioner meant by "being imprisoned," Petitioner conducted vigorous pro se litigation as revealed by the record before this court.

Subsequent to October 18, 2010 (i.e., the date on which Petitioner's bail was revoked and

---

[2] While the Report correctly notes that the Respondents did not specifically invoke the doctrine of procedural default as such, and that a District Court may do so sua sponte, we note that the Respondents most definitely asserted that Petitioner failed to raise, inter alia, Ground One in his appeal to the Superior Court and, therefore, failed to exhaust his state court remedies. ECF No. 4 at 5 ("Because Tokarcik failed to raise each of the issues he now raises with this Court on direct appeal, they were not reviewed by the state court and he has failed to exhaust his state court remedies.").

5

he was remanded to the County Jail), Petitioner filed on October 22, 2010, a pro se "Petition to Suppress Search Warrant" and he also filed on March 7, 2011 a Supplemental Post Sentence Motion. Subsequent to March 24, 2011 (after he was already housed at SCI-Forest), Petition filed on March 28, 2011, another pro se Supplemental Post Sentence Motion. On April 29, 2011, Petitioner filed a pro se Petition for Writ of Habeas Corpus, which the trial Court treated as a PCRA Petition and appointed counsel for Petitioner. On June 6, 2011, Petitioner filed a pro se PCRA Petition. After the Court appointed counsel for Petitioner in the PCRA proceedings, and after counsel filed a Turner-Finley no merit letter and after counsel was permitted to withdraw, Petitioner filed a pro se Notice of Appeal to the Superior Court on September 26, 2011. After the PCRA trial court ordered Petitioner to file a Concise Statement of Matters Complained of on Appeal, Petitioner filed pro se such a Statement on October 17, 2011. On November 9, 2011, Petitioner filed pro se a Motion in the Superior Court to file a reduced number of briefs. On January 5, 2012, Petitioner filed pro se a Motion with the Superior Court for extension of time in which to file his brief. On February 16, 2012, Petitioner filed his brief in the Superior Court. ECF No. 4-2 at 4 – 22. On October 10, 2012, Petitioner filed pro se a second PCRA petition, which was dismissed. On December 10, 2012, Petitioner filed the instant habeas Petition in this Court.

The foregoing recitation amply supports the Report's conclusion that Petitioner's so-called "mental condition" cannot serve as cause given that the record amply demonstrates Petitioner's ability to litigate on his own behalf before and during his incarceration. The foregoing recitation of pro se litigation sufficiently contradicts Petitioner's contention that "befor[e] treatment [Petitioner's mental condition] prevented him from persuing [sic] any legal remidies [sic] that may have existed prior to this petition." Petitioner pursued many legal

6

remedies and could have included in those legal remedies a claim that although he had not pleaded guilty to burglary, he was sentenced on burglary convictions. That he failed to raise such a claim in any of his pro se filings constitutes a procedural default of Ground One.

Even if the unspecified "mental condition" could be said to have constituted "cause", Petitioner cannot show prejudice, which in this context means that he would not have pleaded guilty. See, e.g., Jamieson v. Jones, 444 F. App'x 239, 242 (10th Cir. 2011) ("The magistrate judge found that Mr. Jamieson could not show 'cause' and 'prejudice' to excuse his procedural default in that . . . Mr. Jamieson could not show that he would not have pleaded guilty if the alleged errors were not made (i.e., Mr. Jamieson could not make an adequate showing of prejudice)."); El-Nobani v. U.S., 287 F.3d 417, 420 (6th Cir. 2002) ("Here, the record simply does not support a finding of prejudice. In particular, there is no evidence to suggest that petitioner would not have pled guilty if he had been aware of the deportation consequences of his pleas."), *abrogated on other grounds as recognized in*, Henry v. U.S., Nos. 3:08–cv–259, 3:05–cr–124, 2011 WL 4585258, at *5 (E.D. Tenn., Sept. 30, 2011)

Instantly, there is no evidence of prejudice, i.e., that Petitioner would not have pleaded guilty had he known that he was pleading guilty to burglary, at least Petitioner has not argued prejudice. Given that Petitioner had agreed in the original plea to plead guilty to a felony charge of Theft by Unlawful Taking and Criminal Trespass, both of which are felonies and given that Petitioner received the very sentence he had desired in the original plea, i.e., a minimum of four months with a maximum of 3 years, Petitioner cannot show prejudice on this record. In fact, as noted in the Report, both the prosecutor and the Petitioner's privately retained attorney specifically requested the sentencing judge to abide by the original plea agreement. The District Attorney stated: "If the Court intends to send Mr. Tokarcik to state prison, we would ask that the

Court go with the original plea agreement." ECF No. 4-2 at 83, lines 4 – 8. Attorney Knaresboro agreeing on behalf of Petitioner, requested that the Court reconsider the earlier original plea agreement: "With that being said, Your Honor, if the Court intends to send him state, I'd ask the Court to reconsider the original plea agreement." ECF No. 42 at 85, lines 3 – 5.

Viewed in a light most favorable to the Respondents, the foregoing joint request by the Respondents and by Petitioner's attorney that the Sentencing Court go with the original plea agreement suggests to this Court that there was an agreement reached between the prosecution and the Petitioner/Petitioner's attorney to seek to have the original plea agreement honored. In fact, the sentence bargained for in that original plea agreement was the sentence Petitioner actually received. In fact, Petitioner himself concedes that the "Court sentenced Petition on November 9, 2010, by reinstating the origanal [sic] plea agreement . . ." ECF No. 13 at 2. That the crimes pleaded to in the original plea agreement did not include burglary seemed largely inconsequential to Petitioner/Petitioner's attorney who stood moot upon pronouncement of the sentence for burglary and this discrepancy continued to seem inconsequential to Petitioner who never raised this issue in state court despite his many opportunities to do so and only raised it for the first time in his habeas petition in this Court. Even here in this Court however, having raised the issue, Petitioner fails to carry his burden to show that he suffered prejudice.

Having failed to show cause or prejudice, it remains open to Petitioner to establish actual innocence/miscarriage of justice as the other exception to the procedural default of Ground One. It may well be that Petitioner argues the miscarriage of justice exception as to Ground One. ECF No. 13 at 2 ("Proving petitioner '... was neither convicted [n]or plead guilty to the crimes he was sentenced to.' Which in itself is a 'miscarriage of justice'."). However, Petitioner does not point to any new evidence of his actual innocence and so fails to carry his burden to establish a

8

miscarriage of justice. Schlup v. Delo, 513 U.S. 298 (1995); Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).

The Report is correct that Ground One was procedurally defaulted, and Petitioner having failed to carry his burden to show any exception applies to his procedural default of Ground One, the Court is barred from addressing Ground One on the merits.

In the alternative, even if the Court were to address Ground One on the merits, it would find no constitutional violation. Petitioner asserts that Ground One reveals a violation of the Fourteenth Amendment to the United States Constitution. ECF No. 1 at 7, ¶ 12. We understand Petitioner to be making a claim that the state court proceedings violated his substantive due process rights rendering those proceedings fundamentally unfair.

Assuming for the sake of argument that Petitioner never agreed to plead guilty to burglary, it is doubtful that Petitioner could successfully demonstrate a violation of his substantive due process rights here which would require him to show that he suffered prejudice from the alleged error in his guilty plea proceedings. He does not appear to be able to establish prejudice herein given that Petitioner received the ultimate benefit of the original plea bargain, i.e., a minimum sentence of 4 months with the maximum sentence to be determined by the Court. See ECF No. 4-2 at 76 (Sentencing Transcript at p. 2, lines 14 -16). See Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985)("In order to prevail on a claim that an . . . error deprived the defendant of due process under the Fourteenth Amendment he must show that the error was so pervasive as to have denied him a fundamentally fair trial"). In order to show prejudice, a petitioner must show that but for the alleged error, the outcome would have been different. Chapdelaine v. Commissioner, U.S. Parole Comm'n, No. 01 CIV. 7364 FM, 2002 WL 31115545, *8 (S.D.N.Y., Sept, 24, 2002)("Chapdelaine has not adduced any evidence which would suggest that the Parole

9

Commission's decision concerning his release date would have been any different . . . . Therefore, Chapdelaine has not shown any prejudice or bad faith sufficient to support his due process claim."). Cf. Foy v. Donnelly, 959 F.2d 1307, 1317 (5th Cir. 1992) ("A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted.")(internal quotation marks omitted). Petitioner has not even alleged that he would not have pleaded guilty to burglary even though he received the exact same sentence that he had originally agreed to in the first plea agreement and guilty plea colloquy.

Accordingly for the foregoing reasons, Ground One fails to afford Petitioner relief as he has procedurally defaulted Ground One or he has failed to show prejudice resulting from any alleged due process violation.

**Ground Two**

Petitioner claimed in Ground Two that he was wrongfully denied counsel in violation of the Sixth Amendment. The Report found that Ground Two was procedurally defaulted also. ECF No. at 13 – 14.

We note that after the Superior Court found that Petitioner had waived Ground Two, in an alternative holding, the Superior Court addressed the issue on the merits. The fact that the Superior Court decided first that Petitioner had waived Ground Two under state law and then, in an alternative holding, found the issue to have been meritless does not cause the Superior Court's holding of waiver under state law to lose its validity as a ground for finding procedural default of Ground Two in these habeas proceedings. Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground [i.e., the procedural default] doctrine

requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); Johnson v. Pinchak, 392 F.3d 551, 558 (3d Cir. 2004).

Petitioner does not appear to argue cause and prejudice for his procedural default as is his burden. However, he does seem to argue for the miscarriage of justice exception. ECF No. 13 at 3, ¶ 5 ("The record clearly shows a 'miscarriage of justice'."). However, other than intoning the miscarriage of justice exception, Petitioner utterly fails to point to any new evidence of his actual innocence of any of the crimes. Accordingly, he fails to carry his burden to show a miscarriage of justice. Schlup; Amrine.

In the alternative, Ground Two affords Petitioner no relief because the Superior Court addressed Ground Two on the merits after deciding Ground Two was waived under state law. Petitioner has not shown that the Superior Court's disposition of Ground Two was contrary to or an unreasonable application of United States Supreme Court precedent. Petitioner does assert that he was denied counsel in violation of his Sixth Amendment right to counsel. In an alternative holding, the Superior Court addressed this issue on the merits[3] and rejected the claim that Petitioner's Sixth Amendment right to counsel was violated.

---

[3] We deem Ground Two of the Petition to be substantially equivalent to Issue One raised in the Superior Court appellate brief during the PCRA proceedings. Compare Ground Two: "Constitutional amendment 6: the right of appointed counsel if indigent." with Issue One Of The Superior Court Appellate Brief filed pro se by Petitioner: ("Whether [Appellant] was denied the right of [sic] counsel at critical and important stages of the legal proceedings, which in and of itself, is a violation of [Appellant's] Due Process Rights?"). ECF No. 4-2 at 120. Notwithstanding that we deem to two issues to be substantially equivalent, there does appear to be a difference in focus on the two issues. In the state courts, Petitioner seemed to have framed the issue as one of not having waived his right to counsel. See, e.g., ECF No. 4-2 at 14 (Petitioner "did not – waive counsel for any of the proceedings following the waiver of his preliminary hearing."). Before this Court, Petitioner seemingly focuses on the argument that he
(... footnote continued)

11

Specifically, the Superior Court stated as follows:

> we conclude Appellant was advised of, and explicitly waived, his right to counsel at each critical stage of the proceedings against him. The certified record contains written waivers of counsel signed by Appellant at both his preliminary hearing and arraignment. Moreover, Appellant formally waived his right to counsel at the plea hearing. After Appellant applied for and was deemed ineligible for representation by the Public Defender, Appellant had a choice to represent himself *pro se* or retain private counsel. When he appeared for his plea hearing unrepresented, Appellant acknowledged that he "applied for a public defender but had been rejected" and that he was there "without an attorney." N.T., 8/26/2010, at 3. At Appellant's plea hearing, the Commonwealth read the factual bases for the crimes as charged, as well as the elements of each of those charges. *Id.* at 2-3. The trial court then specifically asked Appellant if he understood the factual bases and the elements of the crimes and he replied affirmatively. *Id.* at 5-6. Appellant also recognized the permissible range of sentences. *Id.* at 6-7. In the signed, written colloquy, Appellant acknowledged that: (1) he was entitled to counsel; (2) he would be held to the same standard as an attorney; and, (3) possible defenses and rights could be permanently lost. Accordingly, at the plea hearing, the trial court covered all of the salient questions set forth in ***Clyburn, supra,*** before allowing Appellant to dispense with counsel and to represent himself before the court. Therefore, Appellant validly waived his right to counsel and no relief is due.

ECF No. 4-2 at 123-24.

Petitioner does not argue before this Court that the Superior Court's disposition was contrary to or an unreasonable application of United States Supreme Court precedent. It is possible that Petitioner is arguing that the Superior Court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding when he argues that the Superior Court wrongly concluded that he waived his right to counsel. ECF No. 13 at 3, ¶ 4.

To the extent that he does argue that the Superior Court's decision resulted in an unreasonable determination of the facts, we are unpersuaded. We note that the Superior Court

---

was improperly determined to not qualify as an indigent for purposes of having the public defender represent him. ECF No. 1 at 9 to 11.

stated that "[a]fter Appellant applied for and was deemed ineligible for representation by the Public Defender, Appellant had a choice to represent himself *pro se* or retain private counsel." Id. at 124. The Superior Court also stated that the "Public Defender denied the request [by Petitioner for representation] because Appellant owns property and, therefore, failed to meet the indigency requirement." Id. We read the two foregoing quotes to constitute an implicit finding of fact that Plaintiff simply failed to carry his burden to prove indigence which is a pre-condition to being Constitutionally entitled under Gideon v. Wainwright, 372 U.S. 335 (1963) to free counsel, whether in the form of the Public Defender's Office or court appointed counsel. See United States v. Celani, 748 F.3d 363, 365 (7th Cir. 1984) ("whether a pretrial order in a criminal case denying appointment of counsel on the grounds that the **defendant has not carried the burden** of proving his indigency. . . .") (emphasis added); Thomas v. Savage, 513 F.2d 536, 538 (5th Cir. 1975) ("It is clear that Thomas did not have counsel at the time of his 1964 misdemeanor conviction. However, the record is unclear as to his indigency at the time of conviction and petitioner has the burden of proving his inability to hire counsel.") (footnote omitted) (citing Kitchens v. Smith, 401 U.S. 847 (1971)). We find that the record supports such an implicit finding by the Superior Court, i.e., that Petitioner failed to show he was indigent, given that Petitioner apparently owned real property, (albeit real property with a lien or mortgage on it, according to Petitioner), ECF No. 1-1 at 24 (indicating that there is a lien on his real property from Liberty Bail Bond, and failing to show the amount in his checking account); id. at 27 (letter from public defender's office denying representation due to real estate ownership), and therefore, Petitioner has failed to rebut the presumed correctness of the state court factual determination that Petitioner failed to prove his indigency, or, in effect, the state court implicit

13

finding that Petitioner was not indigent.[4] Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam) (the AEDPA standard is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (citation and internal quotation marks omitted). Accordingly, Ground Two does not afford Petitioner relief herein either because Ground Two was procedurally defaulted or because Petitioner failed to show that the Superior Court's adjudication was contrary to or an unreasonable application of United States Supreme Court precedent or resulted in a decision based on an unreasonable determination of the facts.[5]

---

[4] As was explained in Fuller v. Wenerowicz Civ. A. No. 13-535, 2014 WL 904297, at *9 (W.D. Pa. March 7, 2014):

> When confronted with an unexplained state court decision or, as here, a less than clear state court decision, a federal habeas court's "duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it." Campbell v. Vaughn, 209 F.3d 280, 289 (3d Cir.2000). *See also* Townsend v. Sain, 372 U.S. 293, 314, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) ("if no express findings of fact have been made by the state court, the District Court must initially determine whether the state court has impliedly found material facts ."), *overruled on other grounds by*, Keeney v. Tamayo–Reyes, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1963). In determining what implicit factual findings a state court made in reaching a conclusion, a federal court must infer that the state court applied federal law correctly. Campbell v. Vaughn, 209 F.3d at 289 (*citing* Marshall v. Lonberger, 459 U.S. 422, 433, 103 S.Ct. 843, 74 L.Ed.2d 646 (1982)). Implicit findings of fact are tantamount to express ones, Parke v. Raley, 506 U.S. 20, 35, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992); Marshall v. Lonberger, 459 U.S. 422, 432–33, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983); LaVallee v. Delle Rose, 410 U.S. 690, 692, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973) (per curiam), and are entitled to the presumption of correctness of 42 U.S.C. 2254(e)(1). Lafferty v. Cook, 949 F.2d 1546, 1558 (10th Cir. 1991) ("explicit and implicit fact findings by state trial and appellate courts [are] entitled to presumption of correctness").

[5] While conceptually there may be some tension between a conclusion that Petitioner waived his right to counsel and a conclusion that Petitioner was not entitled to free counsel because he was not indigent, the two conclusions are not mutually exclusive and the deference required by AEDPA, requires this court to reconcile such tension in favor of the State Courts. In fact, the reasoning of the Superior Court appears to be that because Petitioner failed to prove indigency,

(... footnote continued)

14

AND NOW, this 29th day of May, 2015;

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 11, of Chief Magistrate Judge Kelly, dated April 14, 2015, is adopted as the opinion of the Court as supplemented by this Memorandum Order.

Date: May 29, 2015

Kim R. Gibson
UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

Richard E. Tokarcik, Jr.
JU-3316
SCI Forest
286 Woodland Drive
P.O. Box 307
Marienville, PA 16239-0307

All counsel of record via CM-ECF

---

he was confronted with the choice of retaining counsel or proceeding *pro se*, and he, in effect, chose, albeit reluctantly, to proceed *pro se* during most of the criminal proceedings against him. That Petitioner ultimately retained private counsel to represent him in the sentencing proceeding suggests the correctness of the Superior Court's factual determination that Petitioner failed to carry his burden to prove indigency.